UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIO CESAR TAVERA-CIEZA,

Petitioner,

v. Case No. 3:26-cv-2704-MMH-SJH

TODD BLANCHE, et al.,

Respondents.

---

**ORDER**

Petitioner Julio Cesar Tavera-Cieza, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on October 5, 2026. Tavera-Cieza, a citizen of Peru, entered the United States on July 16, 2022. Id. at 4. United States Immigration and Customs Enforcement (ICE) detained Tavera-Cieza for approximately one day before releasing him into the United States. Id. On May 8, 2023, an immigration judge ordered Tavera-Cieza removed but granted him withholding of removal to Peru. Id. Over three years later, on September 30, 2026, ICE detained Tavera-Cieza at the Orlando International Airport. Id. at 4–5. The crux of Tavera-Cieza's Petition is that ICE revoked his release without notice or a hearing. Id. at 13–14. Tavera-Cieza requests, inter alia, immediate release. Id. at 14–15.

Before the Court is Tavera-Cieza's Motion for Temporary Restraining Order (Doc. 11; Motion), filed on October 27, 2026. According to Tavera-Cieza, ICE informed him on October 27, 2026, that he would be removed to Mexico in three days. Id. at 2. He asks the Court for an order prohibiting Respondents from removing him from the United States or temporarily prohibiting his removal to a third country without prior written notice and a meaningful opportunity to raise any applicable claim for protection. Id.

Tavera-Cieza essentially asks this Court to interfere with the execution of his removal order. The Court does not have jurisdiction to do so. See 8 U.S.C. § 1252(g). Moreover, in his Motion, Tavera-Cieza requests relief related to his potential removal to a third country. In his Petition, however, his claims concern whether ICE properly revoked his release. The due process afforded to Tavera-Cieza if he is removed to a third country is "a matter lying wholly outside the issue[s]" presented in the Petition, and injunctive relief is not appropriate. Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997) (per curiam), op. amended on reh'g, 131 F.3d 950 (11th 1997) (per curiam). As such, the Motion is due to be denied.

Accordingly, it is **ORDERED** that Tavera-Cieza's Motion for Temporary Restraining Order (Doc. 11) is **DENIED without prejudice**.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 10/28
c: Counsel of record